Gaston, J.
 

 Upon the case stated, we are of opinion that this action is properly brought by the plaintiff. It is a general rule that the action should be brought by the person, in whom the legal interest in the contract is vested. In this case the agreement professes to be made between the plaintiff and the defendants, and the consideration of the defendants’ promise is the labor stipulated to be performed by the plaintiff. If the agreement had been by deed, it is clear, that no action could have been brought upon it for the breach of the defendants’ covenant but by the plaintiff. It is true that where an agreement is not under seal, the person, for whose sole benefit it is evidently made, may sue thereon in his own name, although the engagement be not directly to or with him. But in such a case, that is to say, of a promise to A. for the benefit of B., and an action brought by B., the promise must be laid as having been made to B., and the promise
 
 actually
 
 made to A. may be given in evidence to support the declaration.
 
 Company of Felt-makers
 
 v Davis, 1 Bos. &, Pul. 102. This shews that the apparent exception from the general rule obtains only when he, to whom the promise is made, may be regarded as the agent of him for whose benefit it was made. Now upon the face of the written agreement, as well as on. the parol evidence, it is apparent that this
 
 *222
 
 contract was not made for the benefit of Riley, nor was the plaintiff Riley’s agent, but that the contract was made for the benefit of the plaintiff, that the plaintiff was himself the principal, and that Riley was to receive payment of the plaintiff’s wages for, and in behalf of, the plaintiff. The judgment of nonsuit must be reversed, and a new trial awarded.
 

 Per Curiam, Nonsuit set aside, and a new trial awarded.